UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 31, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Patricia M. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
      Civil No. 23-3541-CDA

Dear Counsel:

On December 31, 2023, Plaintiff Patricia M. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny their claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' filings (ECFs 11, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the Court will GRANT Plaintiff's motion for remand, REVERSE the SSA's decision, and REMAND the case to the SSA for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on March 9, 2020, alleging a disability onset date of November 1, 2015. Tr. 172-76. Plaintiff's claims were denied initially and on reconsideration. Tr. 99-101, 107-110. On February 22, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 41-75. Following the hearing, on March 29, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 20-39. The Appeals Council denied Plaintiff's request for review, Tr. 7-10, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security, on December 31, 2023. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Patricia M. v. Dudek*
Civil No. 23-3541-CDA
March 31, 2025
Page 2

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff had "not engage[d] in substantial gainful activity" from November 1, 2015 to December 31, 2020. Tr. 26. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "lumbosacral spondylosis without myelopathy, obesity, depression, and anxiety." Tr. 26. The ALJ also determined that all of Plaintiff's other impairments were considered non-severe impairments. Tr. 26. At step three, the ALJ determined that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" Tr. 26. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b), except [Plaintiff] can occasionally climb ramps and stairs, occasionally stoop, crouch, kneel and crawl, but should never climb ladders, ropes, or scaffolds. [Plaintiff] can balance on even surfaces and can stand and walk on level terrain. [Plaintiff] can tolerate occasional exposure to extreme heat, extreme cold, wetness, vibration, unprotected heights, and dangerous, unguarded machinery. [Plaintiff] must work in proximity to a restroom, which means on the same floor or next floor. [Plaintiff] is capable of occasional interaction with the general public. [Plaintiff] is not capable of sustaining work requiring a specific production rate, such as assembly line work or work that requires hourly quotas. [Plaintiff] is capable of using judgment to make simple work-related decisions, dealing with occasional changes in a routine work setting, and understanding, remembering, and carrying out simple instructions on a regular and sustained basis, to complete a normal workday or week.

Tr. 28. The ALJ determined that Plaintiff was unable to perform past relevant work as a Medical Secretary (DOT[3] #237.367-058) but could perform other jobs that existed in significant numbers

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of*

*Patricia M. v. Dudek*
Civil No. 23-3541-CDA
March 31, 2025
Page 3

in the national economy. Tr. 33. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 34.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, this Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises four arguments on appeal. Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ failed to (1) build an accurate and logical bridge between the evidence and RFC; (2) perform a proper function-by-function assessment of her ability to work; and (3) explain how, despite her moderate CPP limitation, she could stay on task for eighty percent of the workday. ECF 11, at 3-15. Plaintiff further argues that the ALJ erroneously evaluated her subjective complaints of pain. *Id.* at 15-21. Defendant counters that the RFC is supported by substantial evidence and accounts for Plaintiff's moderate CPP limitation. ECF 15, at 6-22. Defendant also contends that the ALJ adequately evaluated Plaintiff's subjective complaints of pain. *Id.* at 22-25.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Social Security Ruling

---

*Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

The Court agrees that the ALJ committed reversible error by failing to explain how, despite Plaintiff's moderate limitations in concentration, persistence, and pace ("CPP"), she could stay on task for eighty percent of the workday. *See McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 600–03 (D. Md. 2016). In *McLaughlin*, the ALJ found that the claimant had moderate CPP limitations, and a VE testified that "[a] person 'off task' more than 15% of the workday . . . could not perform any work." *Id.* at 596–97. The ALJ did not address whether the claimant's CPP limitations would cause her to be off-task for longer than the period deemed work-preclusive by the VE. *See id.* at 602. The Court found that the ALJ adequately accommodated the claimant's CPP limitations in the RFC assessment by providing her with "a few extra minutes of supervision at times of task change[.]" *Id.* But, because it is "reasonable to assume" that moderate CPP limitations "translate into a decrease in productivity," the Court held that the ALJ erred by failing to explain how the claimant "could remain productive for at least 85% of the workday" in light of her CPP limitations and the VE's testimony. *Id.* Because the ALJ did not provide this explanation, the Court remanded the case for lack of substantial evidence. *Id.* at 603.

Here, the ALJ determined that Plaintiff had moderate CPP limitations, and the VE determined that a hypothetical employer would not tolerate an employee's time off-task if it exceeded twenty percent of the workday. Tr. 27-28, 73. But, like the ALJ in *McLaughlin*, the ALJ here did not expressly address Plaintiff's ability to remain on-task despite her CPP limitations. To be sure, the ALJ determined that Plaintiff had moderate CPP limitations because Plaintiff's "anxiety, depression, and back issues [] affected [their] focus, concentration, and ability to complete tasks[,]" Plaintiff's "difficulty with focus and comprehension [made] it difficult [for them] to read[,]" and Plaintiff struggled to follow spoken instructions and handle stress or change in routine well. Tr. 27-28. The only mention of Plaintiff's time off-task is when the ALJ, during step five, addressed an inconsistency between the VE's testimony and information contained in the DOT. Specifically, to explain the inconsistency, the ALJ cited the VE's testimony that "typical off task work is not more than 20% of a workday[.]" Tr. 34. The ALJ's reference to Plaintiff's time off-task fails to explain how Plaintiff is able to remain productive for eighty percent of the workday given their CPP limitations or why such limitations would not significantly impact Plaintiff's productivity. *See McLaughlin*, 200 F. Supp. 3d at 602–03. Consequently, the ALJ's decision lacks "an accurate and logical bridge from the evidence to [the ALJ's] conclusion[s]," and "remand is appropriate[.]" *Id.*

Remand is also warranted in light of the Fourth Circuit's instruction that, when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to analyze that function is appropriate. *Dowling v. Comm'r, Soc. Sec. Admin*, 986 F.3d 377, 389 (4th Cir. 2021). Here, given the VE's testimony, a finding regarding the amount of time that Plaintiff must spend off task may preclude work at step five. Despite the relevance of time off-task to this case's outcome, the ALJ failed to assess the issue, leaving the Court unable to conclude that the ALJ's step-five findings are premised on a proper RFC assessment. Remand is therefore warranted. On remand, the ALJ must either: (1) "articulate why" Plaintiff is able to "remain productive" for eighty percent of the workday given her CPP limitations or (2) explain why those limitations "would not

*Patricia M. v. Dudek*
Civil No. 23-3541-CDA
March 31, 2025
Page 5

significantly impact" Plaintiff's productivity. *McLaughlin*, 200 F. Supp. 3d at 602–03.

Because the case is being remanded on this basis, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider those arguments and adjust their opinion accordingly. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion regarding Plaintiff's entitlement to benefits is correct.

## V.    CONCLUSION

For the reasons set forth herein, Plaintiff's motion for remand, ECF 11, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge